**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| COLBY LEE APLIN, | No. 19-35826 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-01124-MO |
| v. | |
| GARRICK, MCDC; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| H. LOPEZ, MCDC; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted April 7, 2020**

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Oregon state prisoner Colby Lee Aplin appeals pro se from the district

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's summary judgment for failure to exhaust administrative remedies in her 42 U.S.C. § 1983 action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). We affirm in part, vacate in part, and remand.

The district court properly granted summary judgment on plaintiff's claims in Claim I of her second amended complaint because plaintiff failed to exhaust her administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to her. *See Ross v. Blake*, 136 S. Ct. 1850, 1856, 1858-60 (2016) (explaining that an inmate must exhaust such administrative remedies as are available before bringing suit, and describing limited circumstances in which administrative remedies are unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (citation, internal quotation marks, and emphasis omitted)).

The district court granted summary judgment on plaintiff's claims in Claim II of her second amended complaint on the basis of defendants' contention that plaintiff filed one grievance related to these claims, on September 14, 2018, and she did not file an appeal of that grievance. However, defendants filed a

2 19-35826

declaration of Myque Obiero stating that plaintiff filed a second grievance related to the claims in Claim II, on October 11, 2018, and plaintiff filed an appeal of that grievance. It is not clear from the district court's order whether the district court considered plaintiff's October 11, 2018 grievance. We therefore vacate the judgment as to the claims in Claim II only, and remand for the district court to consider the issue of exhaustion of administrative remedies as to plaintiff's October 11, 2018 grievance.

In her opening brief, plaintiff fails to raise, and therefore has waived, any challenge to the district court's summary judgment on her claims in Claim III of her second amended complaint. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

///

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**